CENTER FOR DISABILITY ACCESS
Ray Ballister, Jr., Esq., SBN 111282
Russell Handy, Esq., SBN 195058
Phyl Grace, Esq., SBN 171771
Dennis Price, Esq., SBN 279082
Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Scott Schutza**, <br><br> Plaintiff, <br><br> v. <br><br> **Tom Barnes Investment, LLC,** a California Limited Liability Company; <br> **Tom's Farms, LLC,** a California Limited Liability Company; and Does 1-10, <br><br> Defendants. | **Case: 5:17-CV-0627 JGB (DTBX)** <br><br> **First Amended Complaint For Damages And Injunctive Relief For** Violations Of: American's With Disabilities Act; Unruh Civil Rights Act |

Plaintiff Scott Schutza complains of Defendants Tom Barnes Investment, LLC, a California Limited Liability Company; Tom's Farms, LLC, a California Limited Liability Company; and Does 1-10 ("Defendants") and alleges as follows:

**PARTIES:**

1. Plaintiff is a California resident with physical disabilities. He is a paraplegic who cannot walk and who uses a wheelchair for mobility.

1

First Amended Complaint                    5:17-CV-0627 JGB (DTBX)

2.  Defendant Tom Barnes Investment, LLC owned the real property located at or about 23900 Temescal Canyon Road, Corona, California, in May 2015.

3.  Defendant Tom Barnes Investment, LLC owned the real property located at or about 23900 Temescal Canyon Road, Corona, California, in June 2015.

4.  Defendant Tom Barnes Investment, LLC owns the real property located at or about 23900 Temescal Canyon Road, Corona, California, currently.

5.  Defendant Tom's Farms, LLC owned Tom's Farms located at or about 23900 Temescal Canyon Road, Corona, California, in May 2015.

6.  Defendant Tom's Farms, LLC owned Tom's Farms located at or about 23900 Temescal Canyon Road, Corona, California, in June 2015.

7.  Defendant Tom's Farms, LLC owns Tom's Farms located at or about 23900 Temescal Canyon Road, Corona, California, currently.

8.  Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein, including Does 1 through 10, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and Does 1 through 10, inclusive, are ascertained.

**JURISDICTION & VENUE:**

9.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with

2

First Amended Complaint                                     5:17-CV-0627 JGB (DTBX)

1    Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

2       10. Pursuant to supplemental jurisdiction, an attendant and related cause

3    of action, arising from the same nucleus of operative facts and arising out of

4    the same transactions, is also brought under California's Unruh Civil Rights

5    Act, which act expressly incorporates the Americans with Disabilities Act.

6       11. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is

7    founded on the fact that the real property which is the subject of this action is

8    located in this district and that Plaintiff's cause of action arose in this district.

9

10      **FACTUAL ALLEGATIONS:**

11      12. The Plaintiff went to Tom's Farms in May 2015 and June 2015 to shop

12   and eat at businesses located at the property.

13      13. Tom's Farms is a facility open to the public, a place of public

14   accommodation, and a business establishment.

15      14. Transaction counters are one of the facilities, privileges, and advantages

16   offered by Defendants to patrons of the furniture store located at Tom's Farms.

17      15. Unfortunately, the transaction counter was inaccessible to plaintiff

18   during his visits in May 2015 and June 2015. The transaction counter was

19   more than 36 inches in height. In fact, the transaction counter was about 42

20   inches in height.

21      16. There was no lowered, 36 inch portion of the transaction counter at the

22   furniture store for use by persons in wheelchairs during plaintiff's visits.

23      17. Since plaintiff's visits, defendants have placed a desk, which is 35 inches

24   in height, in front of the 42-inch high transaction counter. This desk is not a

25   transaction counter. Rather, it appears to be nothing more than a document

26   preparation or check-writing surface.

27      18. Transactions still must necessarily take place over the 42-inch high

28   transaction. The current configuration of the desk and transaction counter is

First Amended Complaint                    5:17-CV-0627 JGB (DTBX)

1   inaccessible to plaintiff.

2       19. In addition to shopping at the furniture store, plaintiff wanted to eat at

3   Tom's Old Fashioned Burger Restaurant.

4       20. Unfortunately, there is a running slope of nearly 15% near the west

5   entrance of the restaurant. This is inaccessible to plaintiff. There is no signage

6   at the west entrance alerting plaintiff to any other accessible entrances.

7       21. At the produce store, meanwhile, the produce scales are inaccessible to

8   plaintiff. They are 78 inches in height.

9       22. Restrooms are one of the facilities, privileges, and advantages offered

10  by Defendants to patrons at Tom's Farms.

11      23. Unfortunately, none of the piping under the sinks in the restrooms is

12  compliant. In three of the restroom, there is no wrap around the piping

13  whatsoever.

14      24. In the produce store, the pipe is just partially wrapped.

15      25. In addition to not having wrap on the pipes, two of the restrooms have

16  toilet stall doors that swing inward. This is a particular problem at the Burger

17  Restaurant. The Burger Restaurant restroom has a sign that says there is a

18  public restroom is available and accessible for those who need it.

19      26. All restrooms at Tom's Farms, however, are required to be accessible.

20      27. Finally, the standard parking stall and access aisle designed and

21  reserved for persons with disabilities (located near the candy and produce

22  store), which measures 96 inches in width and that is accompanied by an

23  access aisle measuring 60 inches in width, has inaccessible slopes. It has a

24  running slope of 5.2% and a cross slope of 4.9%. This is inaccessible to

25  plaintiff.

26      28. The barriers existed during plaintiff's visits.

27      29. These barriers caused Plaintiff difficulty and frustration.

28      30. Plaintiff would like to return and patronize Tom's Farms but will be

First Amended Complaint                        5:17-CV-0627 JGB (DTBX)

1    deterred from visiting until the defendants cure the violations.

2       31. The defendants have failed to maintain in working and useable

3    conditions those features required to provide ready access to persons with

4    disabilities.

5       32. The violations identified above are easily removed without much

6    difficulty or expense. They are the types of barriers identified by the

7    Department of Justice as presumably readily achievable to remove and, in fact,

8    these barriers are readily achievable to remove. Moreover, there are numerous

9    alternative accommodations that could be made to provide a greater level of

10   access if complete removal were not achievable.

11      33. For example, one of the common barrier removal projects is to modify

12   transaction counters so that there is an accessible portion of counter. This is a

13   simple architectural and construction task, well within the capabilities of any

14   general contractor, and done with a modicum of expense and effort.

15      34. Additionally, there are numerous paint/stripe companies that will come

16   and stripe a level parking stall and access aisle and install proper signage on

17   rapid notice, with very modest expense, sometimes as low as $300 in fully

18   compliance with federal and state access standards.

19      35. Plaintiff is and has been deterred from returning and patronizing Tom's

20   Farms because of his knowledge of the illegal barriers that exist. Plaintiff will,

21   nonetheless, return to the business to assess ongoing compliance with the

22   ADA and will return to patronize Tom's Farms as a customer once the barriers

23   are removed.

24      36. Given the obvious and blatant violation, the plaintiff alleges, on

25   information and belief, that there are other violations and barriers on the site

26   that relate to his disability. Plaintiff will amend the Complaint to provide

27   proper notice regarding the scope of this lawsuit once he conducts a site

28   inspection. However, please be on notice that the plaintiff seeks to have all

First Amended Complaint                              5:17-CV-0627 JGB (DTBX)

1   barriers related to his disability remedied. See *Doran v. 7-11*, 506 F.3d 1191

2   (9th Cir. 2008) (holding that once a plaintiff encounters one barrier at a site,

3   he can sue to have all barriers that relate to her disability removed regardless

4   of whether he personally encountered them).

5       37. Additionally, on information and belief, the plaintiff alleges that the

6   failure to remove these barriers was intentional because: (1) these particular

7   barriers are intuitive and obvious; (2) the defendants exercised control and

8   dominion over the conditions at this location and, therefore, the lack of

9   accessible facilities was not an "accident" because, had the defendants

10  intended any other configuration, they had the means and ability to make the

11  change.

12

13  **I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS**

14  **WITH DISABILITIES ACT OF 1990** (On behalf of plaintiffs and against all

15  defendants (42 U.S.C. section 12101, et seq.)

16      38. Plaintiff repleads and incorporates by reference, as if fully set forth

17  again herein, the allegations contained in all prior paragraphs of this

18  complaint.

19      39. Under the ADA, it is an act of discrimination to fail to ensure that the

20  privileges, advantages, accommodations, facilities, goods and services of any

21  place of public accommodation is offered on a full and equal basis by anyone

22  who owns, leases, or operates a place of public accommodation. See 42 U.S.C.

23  § 12182(a). Discrimination is defined, inter alia, as follows:

24          a.  A failure to make reasonable modifications in policies, practices,

25              or procedures, when such modifications are necessary to afford

26              goods,   services,   facilities,   privileges,   advantages,   or

27              accommodations to individuals with disabilities, unless the

28              accommodation would work a fundamental alteration of those

First Amended Complaint                          5:17-CV-0627 JGB (DTBX)

services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

 b. A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are defined by reference to the ADAAG, found at 28 C.F.R., Part 36, Appendix "D."

 c. A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities. 42 U.S.C. § 12183(a)(2).

40. In areas used for transactions where counters have cash registers and are provided for sales or distribution of goods or services to the public, at least one of each type shall have a portion of the counter which is at least 36 inches in length with a maximum height of 36 inches above the floor. 1991 Standards § 7.2(1). Under the 2010 Standards, where the approach to the sales or service counter is a parallel approach, such as in this case, there must be a portion of the sales counter that is no higher than 36 inches above the floor and 36 inches in width and must extend the same depth as the rest of the sales or service counter top. 2010 Standards § 904.4 & 904.4.1.

41. Here, no such accessible counter has been provided in violation of the ADA.

42. Under the ADA, there must be an accessible route within the boundary of the site from the accessible parking to the accessible building entrance they serve. 1991 Standards § 4.3.2(1); 2010 Standards § 206.2. In existing facilities, a slope steeper than 12.5% is prohibited under any circumstance.

7

First Amended Complaint    5:17-CV-0627 JGB (DTBX)

1991 Standards § 4.1.6(3)(a)(ii); 2010 Standards § 405.2.

43. The failure to provide a path of travel with proper slopes, or to provide signage pointing to an accessible route, is a violation of the law.

44. Under the 1991 Standards, parking spaces and access aisles must be level with surface slopes not exceeding 1:50 (2%) in all directions. 1991 Standards § 4.6.2. Under the 2010 Standards, access aisles shall be at the same level as the parking spaces they serve. Changes in level are not permitted. 2010 Standards 502.4. "Access aisle are required to be nearly level in all directions to provide a surface for wheelchair transfer to and from vehicles." 2010 Standards § 502.4 Advisory. No more than a 1:48 slope is permitted. 2010 Standards § 502.4.

45. Here the failure to provide level parking is a violation of the law.

46. Hot water and drain pipes under lavatories must be insulated or otherwise configured to protect against contact. 1991 Standards § 4.19.4; 2010 Standards §606.5.

47. Here, the failure to wrap the plumbing underneath the sink is a violation of the ADA.

48. If controls, dispensers, receptacles or other equipment is provided, they must be on an accessible route and be mounted so that their highest operable parts are no greater than 54 inches above the floor. 1991 Standards § 4.22.7; 4.27.

49. Here, the failure to ensure that the produce scales met the height requirement is a violation of the ADA.

50. Pursuant to section 4.22.2 of the ADAAG, all doors to accessible toilet rooms shall comply with 4.13 of the ADAAG. Doors shall not swing into the clear floor space required for any fixture.

51. Here, the door swings into the clear floor space in two restrooms (Burger restroom and public restroom) – rather than outside and away from plaintiff.

First Amended Complaint                                          5:17-CV-0627 JGB (DTBX)

52. A public accommodation must maintain in operable working condition those features of its facilities and equipment that are required to be readily accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

53. Here, the failure to ensure that the accessible facilities were available and ready to be used by the plaintiff is a violation of the law.

54. Given its location and options, plaintiff will continue to desire to patronize Tom's Farms but he has been and will continue to be discriminated against due to the lack of accessible facilities and, therefore, seeks injunctive relief to remove the barriers.

**II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT** (On behalf of plaintiffs and against all defendants) (Cal Civ § 51-53)

55. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

56. Because the defendants violated the plaintiffs' rights under the ADA, they also violated the Unruh Civil Rights Act and are liable for damages. (Civ. Code § 51(f), 52(a).)

57. Because the violation of the Unruh Civil Rights Act resulted in difficulty, discomfort or embarrassment for the plaintiffs, the defendants are also each responsible for statutory damages, i.e., a civil penalty. (Civ. Code § 55.56(a)-(c).)

58. Although the plaintiff was markedly frustrated by facing discriminatory barriers and this frustration possibly qualifies as an emotional distress injury, even manifesting itself with physical symptoms that include back pain, neck pain and shoulder pain, the plaintiff does not value this frustration and physical personal injury greater than the amount of the statutory damages.

First Amended Complaint                    5:17-CV-0627 JGB (DTBX)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PRAYER**:

Wherefore, Plaintiff prays that this court award damages and provide relief as follows:

1. For injunctive relief, compelling defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the Plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act at all.

2. Damages under the Unruh Civil Rights Act which damages provide for actual damages and a statutory minimum of $4,000.

3. Reasonable attorney fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205; Cal. Civ. Code § 52.

Dated: June 28, 2017                    CENTER FOR DISABILITY ACCESS

By: _____
Russell Handy, Esq.
Attorney for plaintiffs

First Amended Complaint                    5:17-CV-0627 JGB (DTBX)