JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | EDCV 17-627 JGB (DTBx) | Date | August 28, 2017 |
| Title | *Scott Schutza v. Tom Barnes Investment, LLC, et al.* | | |

Present: The Honorable    JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** Order (1) GRANTING Defendants Tom Barnes Investment, LLC and Tom's Farms, LLC's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Dkt. No. 20); (2) DISMISSING Plaintiff Scott Schutza's First Amended Complaint (Dkt. No. 15); and (3) VACATING the hearing on September 11, 2017 (IN CHAMBERS)

Before the Court is Defendants Tom Barnes Investment, LLC and Tom's Farms LLC's Motion to Dismiss for Lack of Subject Matter Jurisdiction. (Dkt. No. 20.) The Court finds this matter appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After consideration of the papers filed in support of, and in opposition to the motions, the Court GRANTS Defendants Tom Barnes Investment, LLC and Tom's Farms LLC's motion and VACATES the hearing on September 11, 2017.

### I. PROCEDURAL BACKGROUND

On April 3, 2017, Plaintiff Scott Schutza ("Plaintiff") filed a complaint against Defendants Tom Barnes Investment, LLC, Tom's Farms LLC, and Does 1-10 (collectively, "Defendants") alleging violations of the Americans with Disabilities Act of 1990 (the "ADA") and California's Unruh Civil Rights Act (the "UCRA"). ("Complaint," Dkt. No. 1.) The Complaint alleged that when Plaintiff, a paraplegic, visited Tom's Farms in May and June 2015 he encountered multiple architectural barriers that impeded his access to the facilities. (Compl. ¶¶ 12, 15-18.) Plaintiff filed a First Amended Complaint ("FAC") on June 29, 2017. ("FAC," Dkt. No. 15.) The FAC asserts the same two claims against Defendants. (FAC at 1.)

Defendants filed the instant motion on August 14, 2017. ("Motion," Dkt. No. 20.) Plaintiff opposed the Motion on August 21, 2017,[1] ("Opposition," Dkt. No. 26), and Defendants filed their reply memorandum on August 28, 2017. ("Reply," Dkt. No. 27.)

## II.  LEGAL STANDARD

Under Rule 12(b)(1), a party may bring a motion to dismiss for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A challenge to the court's jurisdiction may be facial or factual. Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004) (citing White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000)). In a facial attack, the moving party asserts the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. Safe Air, 373 F.3d at 1039. By contrast, in a factual attack, the moving party disputes the truth of allegations that, by themselves, would otherwise invoke federal jurisdiction. Id.

When considering a factual attack, a court applies a standard similar to that used in deciding summary judgment motions. Evidence outside the pleadings may be considered, but all factual disputes must be resolved in favor of the nonmoving party. See Dreier v. United States, 106 F.3d 844, 847 (9th Cir. 1996). If the moving party presents admissible evidence in support of its motion, "the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." Savage v. Glendale Union High Sch., 343 F.3d 1036, 1039 n. 2 (9th Cir. 2003).

In a facial challenge, "a court examines the complaint as a whole to determine whether the plaintiff has alleged a proper basis of jurisdiction." Watson v. Chessman, 362 F. Supp. 2d 1190, 1194 (S.D. Cal. 2005). Again, a plaintiff's complaint is treated similarly to a summary judgment motion: the allegations are treated as true and all inferences are drawn in favor of the plaintiff. Id. "The court will not, however, infer allegations supporting federal jurisdiction; federal subject matter must always be affirmatively alleged." Id. (quoting Century Sw. Cable Television, Inc. v. CIIF Assocs., 33 F.3d 1068 (9th Cir. 1994)). When a plaintiff relies on the general federal question statute, 28 U.S.C. § 1331, "a claim not arising under the United States Constitution, or any federal statute . . . . will not generally survive a Rule 12(b)(1) facial attack." Id. (internal citations and quotation marks omitted).

//

---

[1] Pursuant to this Court's Standing Order, the parties are required to provide conformed chambers copies of motions and related documents. ("Standing Order," Dkt. No. 8 ¶ 5); see also L.R. 5-4.5. Mandatory Chambers copies are due no later than 12:00 pm on the day following the filing of the document. L.R. 5-4.5. Plaintiff failed to provide the mandatory copy of his Opposition. Accordingly, Plaintiff and his Counsel are warned that future failure to adhere to this Court's orders or the Local Rules may result in the imposition of sanctions.

### III. DISCUSSION

Defendants move to dismiss Plaintiff's FAC for lack of subject matter jurisdiction. (See generally Mot.) Defendants contend that because they no longer have any interest in Tom's Farms, Plaintiff's claims against them are moot and the Court lacks subject matter jurisdiction over this action. (Id. at 4-7.) While Plaintiff does not dispute that Defendants are no longer in possession of the property or business at issue, he argues that because his FAC sets forth a claim arising under federal law, the Court may exercise supplemental jurisdiction over his claims. (Opp'n at 2.)

**A. ADA Claim**

Plaintiff first alleges multiple violations of the ADA based on architectural barriers he personally encountered during his visits to Tom's Farms in May and June 2015. (FAC ¶¶ 12-37.) Plaintiff alleges the following barriers existed at the various business establishments that comprise Tom's Farms: (1) inaccessible transaction counter at the furniture store; (2) 15% running slope at entrance of Tom's Old Fashioned Burger Restaurant; (3) lack of accessible entrances at Tom's Old Fashioned Burger Restaurant; (4) inaccessible produce scales at the produce store; (5) partially wrapped piping under the sink in the public restrooms; (6) inaccessible stalls in the public restrooms; and (7) inaccessible parking. (Id. ¶¶ 14-27.)

Discrimination by places of accommodations is specifically prohibited under the ADA:

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

42 U.S.C. § 12182(a). As to existing facilities, discrimination includes a "failure to remove architectural barriers . . . where such removal is readily achievable." Id. § 12182(b)(2)(A)(iv).

To prevail on a Title III discrimination claim, a plaintiff must first prove he has Article III standing. Chapman v. Pier 1 Imports (U.S.) Inc., 631 F.3d 939, 946 (9th Cir. 2011). Then, a plaintiff must show "(1) []he is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of [his] disability." Molski v. M.J. Cable, Inc., 481 F.3d 724, 730 (9th Cir. 2007); see also 42 U.S.C. §§ 12182(a)-(b). A Plaintiff who prevails on his ADA claim is entitled to injunctive relief only; damages are not recoverable under Title III. Wander v. Kaus, 304 F.3d 856, 858 (9th Cir. 2002).

In their Motion, Defendants argue Plaintiff's ADA claim is moot because they no longer own the places of public accommodation at issue in the FAC. (Mot. at 6.) "[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." County of Los Angeles v. Davis, 440 U.S. 625, 631 (9th Cir. 2005) (quoting

Powell v. McCormack, 395 U.S. 486, 496 (1969)). Within the context of the ADA, courts have found claims to be moot when a defendant is no longer interested in or involved with a place of public accommodation. For example, in Wander, the plaintiff's ADA claim was rendered moot when the defendants—owners of the property with alleged structural barriers that violated the ADA—ceased to own the property. Wander, 304 F.3d at 857. The defendants argued, and the plaintiff conceded, that the injunctive relief he requested was unavailable because the defendants no longer owned the place of public accommodation at issue. Id. at 858.

Here, like in Wander, Plaintiff's ADA claim is moot. Defendants no longer own Tom's Farms, the places of public accommodation that are subject of the Plaintiff's ADA claim. Tom's Farms is a retail and restaurant business located at 23900 Temescal Canyon Road in Corona, California. (Cummins Decl. ¶ 4.)[2] The real estate upon which Tom's Farms is located was previously owned by Tom Barnes Investment, LLC. (Id.) Tom's Farms and Tom Barnes Investment, LLC were formerly owned by the Thomas H. Barnes Separate Property Trust ("Barnest Trust"). (Id. ¶ 3.) On or about June 9, 2017, Trustee Kenneth J. Cummins sold the assets and goodwill of the Tom's Farms business and real estate they operated on. (Id. ¶¶ 5-6.) While the sale was unrelated to Plaintiff's action against Defendants, (id. ¶ 6), its effect is such that Plaintiff can no longer obtain the relief sought under his ADA claim.

In sum, because injunctive relief is the only relief available under the ADA, Plaintiff's ADA claim was rendered moot by Defendants transfer of interest in the businesses and property to a third party. On this basis, the Court GRANTS the Motion and DIMISSES Plaintiff's first cause of action.

**B. UCRA Claim**

Plaintiff's second claim is for violation of the UCRA. (Compl. ¶¶ 55-58.) Plaintiff alleges that because Defendants violated his rights under the ADA, they also violated his rights under the UCRA. (Id. ¶ 56.)

The UCRA provides that "[a]ll persons within the jurisdiction of this state are free and equal, and no matter what their . . . disability . . . are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever." Cal. Civ. Code § 51(b). It provides for "the recovery of monetary damages, in the form of actual and treble damages or statutory damages of $4,000 per violation." Vogel v. Rite Aid Corp., 992 F. Supp. 2d 998, 1011 (C.D. Cal. 2014); Cal. Civ. Code § 52.

To recover on a claim based on an architectural barrier that prevents full and equal access by persons with disabilities, a plaintiff must plead and prove intentional discrimination. Cal. Civ. Code §§ 51, 52; Molski v. Arciero Wine Grp., 164 Cal. App. 4th 786, 791 (2008). However, by statutory definition, a violation of the ADA is a violation of the UCRA. Cal. Civ. Code § 51(f).

---

[2] The declaration of Kenneth J. Cummins is part of, rather than filed separately, from the Motion. (See Mot. at 9-10.)

Thus, a plaintiff who establishes a violation of the ADA also establishes a violation of the UCRA. See Munson v. Del Taco, Inc., 46 Cal. 4th 661, 666 (2009) ("A plaintiff who establishes a violation of the ADA, therefore, need not prove intentional discrimination in order to obtain damages under [the UCRA].")

The Court's jurisdiction over Plaintiff's UCRA claim derives from 28 U.S.C. § 1367. Section 1367 provides as follows:

> In any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367(a). However, a district court "may decline to exercise supplemental jurisdiction over a [state law] claim if . . . the district court has dismissed all claims over which it has original jurisdiction . . . ." Id. § 1367(c)(3).

In this case, Plaintiff's claim is based entirely on the allegations underlying his ADA claim. (FAC ¶¶ 55-58.) While Plaintiff contends the Court has supplemental jurisdiction over his UCRA claim because his FAC sets forth a viable claim arising under federal law, (Opp'n at 2), Defendants argue that this Court lacks jurisdiction because there is no longer a federal statute upon which the FAC is based since Plaintiff's ADA claim is moot. (Mot. at 6-7.)

The Court agrees with Defendants. Having determined that his ADA claim is moot, Plaintiff's UCRA claim now stands alone. Contrary to Plaintiff's assertion, the FAC no longer sets forth a claim arising under federal law, and ceased to do so on the date which Defendants no longer maintained an interest in the businesses and property at issue in this suit. See Wander, 304 F.3d at 857. As a result, there is no longer a jurisdictional hook by which this Court may adjudicate Plaintiff's UCRA claim under 28 U.S.C. § 1367.

In his Opposition, Plaintiff states his intent to seek leave in order to add the new owners of Tom's Farms as parties to this litigation. (Opp'n at 2.) However, as of the date of this order he has not filed any motion. According to his own counsel's representations, Plaintiff has known about the Defendants' lack of interest in the businesses and the properties that comprise Tom's Farms since at least July 10, 2017, when a revised Certificate of Interested Parties was filed by Defendants. (Opp'n at 2, see also Dkt. No. 17.) Rather than file a Motion for Leave to Amend, Plaintiff opted to let seven weeks pass and then utilize his Opposition to the instant Motion to inform the Court of his intent to request leave to amend the FAC. (See Opp'n at 2.) While Plaintiff contends he is severely prejudiced by Defendants failure to timely disclose the transfer of interest, (id.), his lack of diligence in seeking leave to amend says otherwise.

Accordingly, the Court GRANTS the Motion and DISMISSES Plaintiff's second cause of action for lack of subject matter jurisdiction.

## IV. CONCLUSION

For the reasons stated above, Defendants' Motion is GRANTED and Plaintiff's FAC is DISMISSED. The Court directs the Clerk to close the case.

**IT IS SO ORDERED.**